# W. A. Holland v. A. C. Vallandingham.

**Contracts—Against Public Policy.**
> Where A. who was a candidate for office entered into a contract with B., who was a candidate for the same office, whereby A. agreed

to withdraw from the race and to use his influence for the election of B., in consideration that B., if elected, would give A. employment at a stated salary, the contract is illegal and void as against public policy.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

June 16, 1873.

OPINION BY JUDGE PETERS:

Appellant alleges in substance that he was a candidate before the legislature of Kentucky for the office of Public Binder, the legislature having the legal authority to elect or appoint to that office, that he was eligible to the office and competent to discharge the duties thereof; that there were several other applicants for the same office at the same time, amongst whom was appellee; that sixteen or eighteen members of the legislature were pledged to support appellant for the office, and he had the prospect of getting the support of others, perhaps enough to secure his election to the office; that while he was thus a candidate, with favorable prospects for his election, appellee proposed if he would withdraw from the canvass, support him, and get the members of the legislature who were pledged to support appellant for the office, and aid him in his election, that he, if elected, would give him employment in the enterprise from which he should realize $2,000 per annum, or that appellee would employ appellant to labor in the business at a salary of $2,000, and in consideration of said promise and undertaking on the part of appellee, that appellant did withdraw from the canvass, procured his friends and supporters in the legislature to vote for appellee, and he remained in Frankfort and aided otherwise in the election of appellee, he failed and refused to perform his contract, by giving him employment in the business, or to pay him a salary of $2,000 per annum, although he was ready and willing and competent to labor in the business, and offered to perform the requisite services therefor. To the petition and an amended petition a demurrer was sustained by the court below, and appellant failing to plead further his petition was dismissed, and he has brought the case to this court for revision.

The contract binds appellant to labor and exert his influence to promote the election or appointment of appellee to the office of

public binder, whether he is better qualified or not than any other applicant, or indeed whether he is qualified at all. By its terms he was to labor and influence others to vote for appellee for the hope of the reward promised and which he expects to receive regardless of the qualifications or fitness of appellee for the office; when it was his duty as a faithful citizen of the commonwealth to exert himself for the best interests of his country, the contract which he sues on and seeks to enforce is illegal, against public policy and such as denounced by the law. *McGill's Adm'r v. Burnett*, 7 J. J. Marsh 640.

Judgment *affirmed.*

*Scott, for appellant.*

*Rodman, for appellee.*